■ THERESA S. RYAN, Appellant, v FRANK P. RYAN, Respon-

dent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Richmond County (Sullivan, J.), dated May 24, 1985, which, *inter alia,* denied her cross motion for leave to serve an amended complaint.

Order modified, by deleting the provision thereof which denied the plaintiff's cross motion to serve an amended complaint, and substituting therefor a provision granting the motion to the extent of permitting her to allege causes of action for the equitable distribution of marital property and maintenance following a foreign judgment of divorce pursuant to Domestic Relations Law § 236 (B) (2).

On appeal, the plaintiff, who had commenced this action for a divorce and ancillary relief, does not challenge the validity of the divorce granted to the defendant in Vermont; she seeks only to enforce her right to equitable distribution of the marital property and maintenance following a foreign judgment of divorce pursuant to Domestic Relations Law § 236 (B) (2). The defendant's only opposition to the plaintiff's request on appeal is that it is premature. Specifically, he argues that the plaintiff's action for a divorce cannot be converted into a plenary action for equitable distribution and maintenance following a foreign judgment of divorce because her action was commenced approximately five weeks before the defendant's Vermont divorce judgment was entered on March 20, 1985, and, as of the date of Special Term's order, the divorce was not final.

However, since it is undisputed that the foreign judgment is now effective, in the interest of judicial economy, the plaintiff should be permitted to serve an amended complaint to seek equitable distribution of the parties' marital property and maintenance following a foreign judgment of divorce, pursuant to Domestic Relations Law § 236 (B) (2). Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.